NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30199 |
| Plaintiff-Appellee, | D.C. No. 2:22-cr-00001-RMP-1 |
| v. | |
| SHAWN VINCENT BEST, Sr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted September 12, 2023[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Shawn Vincent Best, Sr., appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

assault resulting in substantial bodily injury to a domestic partner in Indian

country, in violation of 18 U.S.C. §§ 113(a)(7), 1153(a).  We have jurisdiction

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Best contends that the district court failed to explain adequately its decision to impose an above-Guidelines sentence. He further argues that the court improperly relied on facts he did not admit and the government did not prove, resulting in a substantively unreasonable sentence. In Best's view, the uncontested facts and the 18 U.S.C. § 3553(a) factors supported a time-served sentence. We review Best's unpreserved procedural claims for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and his claim that the sentence is substantively unreasonable for an abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court did not procedurally err, nor did it abuse its discretion in imposing the above-Guidelines sentence. The court provided a thorough explanation for its sentencing decision, explaining that upward departures were warranted for: (1) Best's uncounted tribal convictions for conduct similar to the offense conduct, *see* U.S.S.G. § 4A1.3, and (2) the extreme psychological injury Best caused his victim, *see* U.S.S.G. § 5K2.3. The court further explained that the § 3553(a) factors independently supported the upward variance given the harm Best caused to the victim, his criminal history, his lack of remorse at sentencing, and the need to protect the public. This explanation was more than sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the

2

court permissibly relied on the presentence report and the victim's sentencing statement. *See United States v. Christensen*, 732 F.3d 1094, 1102, 1104-05 (9th Cir. 2013). Finally, the 46-month sentence is substantively reasonable in light of the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**